IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MISSISSIPPI SILICON HOLDINGS, LLC                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:18-CV-231-SA-DAS

AXIS INSURANCE COMPANY                                                        DEFENDANT

ORDER TO SHOW CAUSE

Plaintiff, Mississippi Silicon Holdings, LLC, originally filed this action on November 7, 2018 in the Circuit Court of Tishomingo County, Mississippi. The Defendant, Axis Insurance Company, removed the case to this Court on December 11, 2018 premising federal jurisdiction on the basis of diversity of citizenship. *See* Notice of Removal [1].

The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.*

Axis Insurance Company alleges in its Notice of Removal [1] that Mississippi Silicon Holdings, LLC is "a for-profit corporation incorporated in the State of Delaware, with its principal place of business in Burnsville, Mississippi. For purposes of diversity of citizenship, it is a citizen of Delaware and Mississippi." Though the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, Mississippi Silicon

Holdings, LLC is an unincorporated LLC. The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." *Harvey*, 542 F.3d at 1079-80. Thus, Mississippi Silicon Holdings, LLC's citizenship is not clear from the pleadings, and the existence of federal jurisdiction is in question.

Though the issue of jurisdiction has not been contested by either party, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." *Id.* at 506-07, 126 S. Ct. 1235.

Therefore, the Parties are hereby ordered to show cause as to as to why this matter should not be REMANDED due to the absence of diversity under 28 U.S.C. § 1332. As the Party invoking this Court's jurisdiction, Axis Insurance Company shall have until August 6, 2019 to submit: (1) a response sufficiently alleging the identity of all the members of Mississippi Silicon Holdings, LLC and the state of citizenship of each member as of the date of removal or filing; and (2) a motion for leave, pursuant to 28 U.S.C. § 1653, to supplement the jurisdictional allegations of the Notice of Removal [1] to adequately allege diversity jurisdiction.

It is SO ORDERED, on this the 23rd day of July, 2019.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE