# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MISSISSIPPI SILICON HOLDINGS, LLC**                              **PLAINTIFF**

**V.**                        **No. 1:18-cv-231-SA-DAS**

**AXIS INSURANCE COMPANY**                       **DEFENDANT**

## ORDER

During a telephonic conference held on October 31, 2019, the parties brought before the Court a discovery dispute. Plaintiff asks the Court to compel Defendant to produce documents related to modifications and/or alterations to the language of the "crime coverage" provisions of Axis Insurance Company's forms made subsequent to Mississippi Silicon's claim of December 12, 2017.[1] Plaintiff also asks the Court to compel Defendant to produce a witness to testify on "underwriting issues" related to the subject policy and to subsequent modification to the "crime coverage" provisions.[2]

This case involves a claim for breach of contract and seeks a declaratory judgment. At issue is whether Plaintiff's claimed loss of $1,025,887.13 was the direct result of "computer transfer fraud"—*i.e.*, "hacking"—or whether Plaintiff was the victim of "social engineering." Computer transfer fraud had a coverage limit of $1,000,000, whereas social engineering had a coverage limit of $100,000. Defendant determined the loss did not meet the definition of computer transfer fraud,

---

[1] Specifically, Mississippi Silicon seeks "documents related to modifications/alterations of the language of the Crime Coverage Part of the Privatus Platinum Forms No. 101 0502 (10-16) and 101 0507 (10-16) made subsequent to Mississippi Silicon's claim on December 12, 2017."

[2] Specifically, Mississippi silicon seeks "a witness to testify on underwriting issues related to the subject policy MCN 623938/01/2017 and to modifications to the Crime Coverage Part of the Privatus Platinum forms 101 0502 (10-16) and 101 0507 (10-16) which are incorporated into the Policy."

but did meet the definition of social engineering, and paid the $100,000 limit. Plaintiff argues the loss met both definitions, and under the policy, entitled it to the higher limit.

As it relates to the current discovery dispute, the complaint alleges that, by denying coverage under the Computer Transfer Fraud provision, "AXIS has breached its contract with MS Silicon. AXIS has denied this coverage despite the fact that its Policy provides for coverage and for which no exclusion applies."[3] Moreover, Plaintiff contends "[n]o reasonable interpretation of the policy permits AXIS' denial of coverage for MS Silicon's claim under the Computer Transfer Fraud and Funds Transfer Fraud Coverage."[4]

In an analogous case, Renasant Bank sought to recover under a financial institution bond for damages arising out of the alleged dishonest or fraudulent conduct of a former bank vice-president. *Renasant Bank v. St. Paul Mercury Ins. Co.*, 2016 WL 613360, *1 (N.D. Miss. Oct. 20, 2016). During discovery, the bank sought information concerning "the drafting history, interpretation, and construction of the Bond." *Id.* at *2. On appeal, the district judge affirmed the magistrate judge's finding "that only the four corners of the Bond should be considered in any analysis performed in the breach-of-contract action, because the parties have not challenged the Bond as ambiguous." *Id.*

Plaintiff concedes that evidence of subsequent remedial measures is inadmissible to prove culpable conduct, but that it can be admitted for another purpose—and if admissible, it is discoverable. *See* F.R.E. 407 (allowing admission of subsequent remedial measures for purposes such as "impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures"). However, Plaintiff fails to show what other purpose the extrinsic

---

[3] Complaint, [2], p. 7.
[4] *Id.* at p. 8.

evidence supports, and the case on which it relies—*Jones v. Benefit Trust Life Ins. Co.*, 800 F.2d 1397 (5th Cir. 1986)—supports the opposite conclusion.

In *Jones*, the district court allowed the introduction of a policy issued by Benefit Trust to a third party, which contained language different from that used in Jones' policy (subsequent remediation). *Id.* at 1399-1400. The Fifth Circuit found "[i]t is clear from the record . . . that the policy was offered as evidence not to establish culpable conduct but to impeach the credibility of witnesses for Benefit Trust. Indeed, in a lengthy argument before the district court, Jones' counsel urged that the evidence was admissible insofar as it tended to impeach Benefit Trust's position that the policy language was ambiguous." *Id.* at 1400-01.

Here, Defendant notes that ambiguity is not specifically pled. Whether the insurance policy at issue is ambiguous is a decision left to this Court. None of the admissible purposes of Rule 407 appear applicable. And while evidence need not be itself admissible to be discoverable, Plaintiff has not shown this Court that the requested information is relevant or that it would lead to relevant information. The information sought—subsequent changes to future policies of the kind at issue here—has no bearing on whether this particular policy is itself ambiguous.

Plaintiff's *ore tenus* motion to compel is therefore DENIED.

SO ORDERED, this the 1st day of November, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE