IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **MISSISSIPPI SILICON HOLDINGS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:18-cv-0231-SA-DAS |
| ) | |
| **AXIS INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT AXIS INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant AXIS Insurance Company ("AXIS"), moving for summary judgment on all claims against it, because Plaintiff cannot establish that its loss, for which AXIS has tendered a $100,000 payment under the Social Engineering Fraud insuring agreement of the Policy at issue, is also covered under the Computer Transfer Fraud and Funds Transfer Fraud insuring agreements. The Policy must be interpreted according to its plain meaning, and AXIS has not breached the Policy.

Plaintiff Mississippi Silicon (referred to herein as "MS") specifically purchased Social Engineering Fraud coverage as a part of the Policy. MS was the victim of a Social Engineering Fraud scheme carried out by virtue of emails that were sent to MS's CFO, John Lalley. MS made the affirmative decision to wire transfer its money to a Bulgarian bank, as a result of the Social Engineering Fraud scheme. AXIS determined that the loss was covered under the Social Engineering Fraud insuring agreement, and paid the $100,000 limit of insurance. This case is before the Court solely because MS does not accept the limit of insurance it specifically purchased for Social Engineering. Rather, it seeks to collect $1 million, by arguing that two additional insuring agreements,

which plainly cover other types of fraud and facts, apply here. The undisputed facts of the case establish that the only coverage afforded is the Social Engineering Fraud coverage.

In support of this Motion, AXIS incorporates by reference its Memorandum in Support and further states:

1. In November 2018, Plaintiff filed its Complaint[1] against AXIS, seeking damages for an alleged breach of contract, and a declaration by this Court of the interpretation of the Policy at issue.

2. In the Complaint, Plaintiff concedes that the loss it sustained when its CFO sent two wire transfers to a Bulgarian Bank (which it assumed was a bank for a legitimate vendor) is covered by the Social Engineering Fraud insuring agreement of the Policy. The limit of insurance for Social Engineering Fraud is $100,000, an amount sent to Plaintiff by AXIS, but returned by Plaintiff.

3. Plaintiff also argues in the Complaint that coverage should exist under two additional insuring agreements in the Policy: Computer Transfer Fraud and Funds Transfer Fraud, both of which have a $1 million limit of insurance.

4. AXIS answered the Complaint, denying that the loss is covered under any additional insuring agreements.

5. Under Mississippi law, AXIS is entitled to summary judgment. The facts associated with the loss are undisputed. The facts fit the terms of Social Engineering, but do not fit the plain language of the other two referenced insuring agreements.

6. In support of this Motion, AXIS attaches the following exhibits:

---

[1] Exhibit E.

Exhibit A: Affidavit of Toni Scott Reed.

Exhibit B: Deposition Testimony of Plaintiff Mississippi Silicon Holdings (through corporate representative John F. Lalley) and John F. Lalley individually (combined testimony), and exhibits thereto:

    Exhibit B-20 – SecureIT360 Report.
    Exhibit B-24- Email Attachment (bank instructions).
    Exhibit B-25 – October Email string.
    Exhibit B-27 – Trustmark Bank October Wire Confirmation.
    Exhibit B-33 – Trustmark Bank November Wire Confirmation.
    Exhibit B-34 – November Email string.
    Exhibit B-40 – MS January correspondence with SecureIT360.
    Exhibit B-44 – MS Proof of Loss submitted to AXIS.
    Exhibit B-45 – AXIS claim determination.
    Exhibit B-46 – MS claim determination response.
    Exhibit B-47 – AXIS claim correspondence.
    Exhibit B-49 – AXIS payment to MS.
    Exhibit B-51 – Privatus Platinum Policy.

Exhibit C: Deposition Testimony of William E. Boardwine.

Exhibit D: Deposition Testimony of Chris Jones, and exhibit thereto:

    Exhibit D-56 – November 17 email with attachments.

Exhibit E: Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant AXIS Insurance Company moves this Honorable Court to grant summary judgment in favor of AXIS on both causes of action.

                                  Respectfully submitted,

                                  */s/RON. A. YARBROUGH*
                                  Ron A. Yarbrough (MSB No. 6630)

                                  And

                                  TONI SCOTT REED (PHV)
                                  Texas State Bar No. 00788376
                                  **ATTORNEYS FOR DEFENDANT AXIS INSURANCE COMPANY**

OF COUNSEL:

**BRUNINI LAW FIRM**
190 East Capitol Street
Suite 100
Jackson, MS 39201
Telephone: (601) 948-3101
ryarbrough@brunini.com
And
**CLARK HILL STRASBURGER**
901 Main Street, Suite 6000
Dallas, Texas 75202-3794
Telephone:(214) 651-4300
Facsimile:(214) 661-4330
toni.reed@clarkhillstrasburger.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served, via the Court's e-filing system, on all counsel of record who have appeared herein on this, the 22nd day of November, 2019.

>John M. Lassiter
>Joshua W. Stover
>BURR & FORMAN LLP
>The Pinnacle at Jackson Place
>190 East Capital Street, Suite M-100
>Jackson, Mississippi  39201
>jlassiter@burr.com
>jstover@burr.com

>And

>Robert S.W. Given
>BURR & FORMAN LLP
>420 North 20th Street, Suite 3400
>Birmingham, Alabama  34203
>Telephone: (205) 251-3000
>Facsimile:   (205) 458-5100
>rgiven@burr.com

>***Attorneys for Plaintiff Mississippi Silicon Holdings, LLC***

/s/RON A. YARBROUGH
RON A. YARBROUGH